Sneed, J.,
delivered the opinion of the court.
This was a motion in the Circuit Court of Blount county, in the name of the Chairman of the County Court of said county, against Edmondson as Tax Collector, for $5,065.79J, the alleged amount of county revenue for 1866 for which he failed to account. It seems that one P. H. Clark was the regular Tax Collector for said year, and that the defendant, Edmondson, was his deputy. In the month of November, 1866, the said Clark appeared before the County Court for the purpose of resigning said office, and the entry following, from the minutes of the Court, is produced as the evidence of his resignation, and the appointment and qualification of Edmondson as his successor: “Be it remembered, that on this, the first Monday in November (being the 5th day), 1866, at a County Court opened and held for the County of Blount, at the court-house in Maryville, present, Worshipful John McCally, chairman; Esq’rs John P. Hook, Abijah W. *387 Emmett, and Geo. W. Mezer, Justices of the Peace: the following, among other proceedings, were had and done of record, to-wit: P. H. Clark, Revenue Collector, transfers the collectorship to J. C. Edmondson, who came forward and executed bonds as required by law.” The bonds are in the usual form, there being one for the State revenue, and the other for that of the county, and both payable to the State. The Circuit Judge dismissed the motion, and the plaintiff appeals in error. We suppose, from the defense relied on in argument here, that his Honor’s ruling was upon the ground that the regular Tax Collector, Clark, by the proceeding referred to, had not divested himself of the office of Tax Collector for 1866, and that he was the proper person to proceed against. The entry is certainly anomalous and inartificial; but the object intended, both on the part of the Collector and the Court, is apparent. The purpose of Clark was to resign the office, (which he had a right to do,) and the intention of the Court was to appoint Edmondson as his successor for the balance of the year. With this view, his bonds were executed and received by the Court — and under such bonds he has gone forward to collect the taxes which he refuses to account for.
We think the motion may be maintained in .the name of the Chairman; and whether' the defendant, Edmondson, be the Tax Collector de facto or de jure, he is nevertheless a person under bond, who, by virtue thereof, has collected the revenue for which he will not account, and we have a most convenient and. salutary statute, intended to save the State and county *388 harmless from just such irregularities in official appointments. Code, 670, 774; 3 Yer., 312; 3 Col., 306; McLean v. State, ante p. 23. It is provided by one of these statutes, that a person receiving money upon the faith of a bond required by law, or taken in the course of judicial proceedings, shall not be heard to deny his liability on account of any irregularity in the taking of said bonds; and it is declared that to a like extent his sureties shall be estopped. Code, 774. "We think defendant Edmondson and his sureties are liable to this motion. But as the amount of the liability does not very clearly appear, the case will be remanded to have the same ascertained.
Reverse the judgment.